Andrea K. Gorrie, California SBN 351177
andrea@legalforcelaw.com

Spencer R, Keller, Arizona SBN 038491 (Appearing Pro Hac Vice)
Spencer@trademarkia.com

LEGALFORCE RAPC WORLDWIDE, P.C.
1580 W. El Camino Real, Suite 10
Mountain View, CA 94040
Telephone:     (650) 965-8731
Facsimile:     (650) 989-2131

Attorney for Plaintiff,
LegalForce RAPC Worldwide P.C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE, P.C.<br><br>Plaintiff,<br><br>v.<br><br>MH SUB I, LLC., a Delaware corporation,<br><br>Defendant. | Case No. : 5:24-cv-669<br><br>**INITIAL COMPLAINT FOR:**<br><br>1. TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114;<br>2. TRADEMARK INFRINGEMENT, 15 U.S.C. § 1125(a); and<br>3. TRADEMARK INFRINGEMENT, CALIFORNIA COMMON LAW.<br><br>**JURY TRIAL DEMANDED** |

Plaintiff LegalForce RAPC Worldwide P.C. ("LegalForce", "Plaintiff"), a California Professional "S" corporation, by and through its counsel, for its second amended Complaint against Defendant MH Sub I, LLC ("Defendant"), a Delawate corporation, complains and alleges upon information and belief as follows:

## FACTUAL ALLEGATIONS

1. Plaintiff is the owner of three U.S. federal trademark registrations:

| Marks | Reg. No. / Reg. Date | Serial No. / Filing Date | Goods/Services |
|---|---|---|---|
| LegalForce | Reg: 4227650 / Oct. 16, 2012 | 85483252 / Nov. 30, 2011 | Legal services, namely, law firm services specializing in administrative, transactional, litigation, civil and criminal matters; legal document preparation and research services for attorneys; providing general information in the field of legal services via a global computer network. (45) |
| LegalForce (logo) | Reg: 4346898 / June 4, 2013 | 85785842 / Nov. 21, 2012 | Legal services; security services for the protection of property and individuals; personal and social services rendered by others to meet the needs of individuals. (45) |
| LegalForce Trademarkia | Reg: 5642937 / Jan 1, 2019 | 87924397 / May 24, 2018 / First Use in Commerce: Apr. 13, 2012 | Providing temporary use of on-line non-downloadable software for trademark searching and managing trademark matters; Computer services, namely, providing search engines for obtaining trademark data from publicly available sources. (42) |

2. Plaintiff has a pending U.S. federal trademark application:

| | | | |
|---|---|---|---|
| LF (logo) | | 98372820 / Jan. 24, 2024 / First Use in Commerce: Sep. 27, 2012 | Providing comprehensive legal services and an online platform designed to facilitate the connection between consumers, businesses, and legal professionals for the provision of legal advice, counsel, and representation in various fields of law (45) |

3. The mark LegalForce was declared incontestable through Reg. No. 4346898.

4.  The marks "LegalForce", "LEGALFORCE", "LegalForce Trademarkia" and "LF" are collectively referred to as the "LEGALFORCE Marks."

5.  As a result of Plaintiff's exclusive, extensive, continuous and nationwide use of the LEGALFORCE Marks, the marks have come to signify the leading provider of legal automation, business law, corporate law, and IP law services for businesses and consumers and have achieved such widespread public recognition and major press coverage from leading publications including [Bloomberg](#), [FastCompany](#), [TechCrunch](#), [The World Trademark Review](#), [Wall Street Journal](#), and in the [ABA Journal](#).

6.  As an industry leader, LegalForce has invested well over ten million dollars promoting the brand to corporate and business customers worldwide, and advertising and promoting the LEGALFORCE Marks.

7.  To build and maintain its status as the leading nationally-recognized brand, LegalForce has promoted the LEGALFORCE Marks through advertising across the media of video, radio, and the Internet.

8.  The LEGALFORCE Marks achieved this widespread fame across the United States, and across many different industries and popular culture - for many years before Defendant's first infringing use on at least December 12, 2023. LegalForce owned websites have become among the largest websites in the United States, whose LegalForce Trademarkia had website traffic approaching some of the largest websites on the Internet by 2017, and has attracted millions of page views and unique visitors to its LegalForce websites in the years prior.

9.  Moreover, LegalForce has protected LEGALFORCE brands globally.  Specifically, in at least the following countries and regions around the world :

| SL # | MARK NAME | CLASS | COUNTRY | FILING DATE | APPLN # | CURRENT STATUS |
|---|---|---|---|---|---|---|
| 1 | LEGALFORCE (word) | 45 | USA | Nov. 30, 2011 | 85483252 | Registered |
| 2 | LEGALFORCE (logo) | 45 | USA | Nov. 21, 2012 | 85785842 | Registered |
| 3 | EGALFORCE TRADEMARKIA - WORD | 042 & 045 | USA | May.16, 2018 | 87924397 | Registered |
| 5 | LEGALFORCE (word) | 45 | India | Mar. 07, 2012 | 2295736 | Registered |
| 6 | LEGALFORCE (word) | 035, 042 & 045 | EU | Mar. 07, 2019 | 18033044 | Registered |
| 7 | LEGALFORCE (logo) | 035 & 045 | EU | May. 18, 2012 | 10894772 | Registered |
| 10 | LEGALFORCE (logo) | 035 & 045 | UK cloned | May. 18, 2012 | UK00910894772 | Registered |
| 11 | LEGALFORCE (word) | 035, 042 & 045 | UK cloned | Mar. 07, 2019 | UK00918033044 | Registered |
| 12 | LEGALFORCE (word) | 45 | Canada | March. 09, 2012 | 1567942 | Registered |
| 13 | LF LEGALFORCE | 45 | Australia | Feb. 06, 2019 | 1604629 | Registered |
| 15 | LEGALFORCE RAPC (word) | 035, 042 & 045 | New Zealand | Feb. 14, 2019 | 1113664 | Registered |
| 16 | LEGALFORCE (logo) | 035, 042 & 045 | New Zealand | Feb. 14, 2019 | 1113666 | Registered |
| 17 | LEGALFORCE (word) | 035, 042, & 045 | Australia | Oct. 30, 2018 | 1965611 | Registered |
| 19 | LEGALFORCE (word) | 035 & 042 | India | Feb. 07, 2019 | 4080128 | Registered |
| 20 | LEGLAFORCE (logo) | 45 | United States | Jan 24, 2024 | 98372820 | Pending |

10. Similarly, the LEGALFORCE marks are embodied in domain names protected by LegalForec globally including in the countries/domains below.

| SL # | DOMAIN NAME | STATUS |
|---|---|---|
| 1 | legalforce.com | Registered |
| 2 | legalforcelaw.co.uk | Registered |
| 3 | legalforcelaw.com | Registered |
| 4 | legalforce.jp | Registered |
| 5 | legalforce.biz | Registered |
| 6 | legalforce.us | Registered |
| 7 | legalforce.de | Registered |
| 8 | legalforce.es | Registered |
| 9 | legalforce.fr | Registered |
| 10 | legalforce.info | Registered |
| 11 | legalforce.mobi | Registered |
| 12 | legalforce.eu | Registered |
| 13 | legalforce.ca | Registered |
| 14 | legalforce.it | Registered |
| 15 | legalforce.co | Registered |
| 16 | legalforce.tw | Registered |
| 17 | legalforce.net | Registered |
| 18 | legalforce.co.uk | Registered |
| 19 | legalforce.cn | Registered |
| 20 | legalforce.nz | Registered |
| 21 | legalforce.in | Registered |
| 22 | legalforcelaw.com | Registered |
| 23 | legalforcefh.com | Registered |
| 24 | legalforcetrademarkia.com | Registered |

11. The LEGALFORCE Marks are of material importance to LegalForce. LegalForce has used the LEGALFORCE Marks continuously for over a decade and has spent large amounts of money promoting those marks.

12. Because of the invaluable goodwill that the LEGALFORCE Marks represent, and its importance to the company, LegalForce aggressively protects the LEGALFORCE Marks.

**Defendant infringes Plaintiff's incontestable rights in the LegalForce logo**

13. Defendant's use of a logo similar to the LEGALFORCE and LF trademarks (hereinafter the "Infringing Mark") for competing legal services creates a likelihood of confusion among consumers.

14. Defendant's logo (the Infringing Mark) from their website "LawFirms.com" borrows from the logos of Plaintiff. See comparison below:

| Plaintiff's Mark #1 (Reg: 4346898 June 4, 2013) | Plaintiff's Mark #2 (Filed Jan. 24, 2024) | Infringing Mark |
|---|---|---|
| LegalForce | LF | LawFirms.com |

15. The Infringing Mark resembles the LEGALFORCE Marks in several respects, including color scheme, design elements, and overall commercial impression.

16. The registered LEGALFORCE Mars and the infringing mark use a very similar shade of orange as their primary color. This can create a strong visual association, as color is often one of the first attributes noticed by consumers.

17. The LEGALFORCE Marks and the Infringing Mark are similar in their foundational geometry—The LEGALFORCE Marks and the Infringing Mark predominantly feature quadrilaterals with rounded corners and employ a combination of straight and curved lines. The LEGALFORCE Marks are characterized by a distinctive right angle on two sides, combining the stability represented by squares with the approachability of circles.

18. The Infringing Mark, while also predominantly featuring a quadrilateral with rounded corners, attempts to mimic the blend of The LEGALFORCE Marks by softening its edges in a way that directly echoesThe LEGALFORCE Marks' unique design. This mirroring of geometric qualities can lead to visual confusion, as the fundamental shapes are closely aligned in concept and appearance. The use of rounded squares can convey a sense of modernity and accessibility, and in this case, it may lead consumers to associate the two companies due to the identical shape of their logos.

19. The LEGALFORCE Marks and the Infringing Mark opt for a clean, minimalistic design, devoid of additional text or embellishments. The simplicity of the design means that the few elements present are more likely to be compared directly.

20. The Infringing Mark features a column within the rounded square, which could be seen as a stylized letter "F" – especially since it has a horizontal element on top that could suggest the horizontal bar of an "F." This is similar to The LEGALFORCE Marks where the letter "F" is also a prominent feature.

21. The LEGALFORCE Marks and the Infringing Mark both effectively utilize negative space to define their features. In the The LEGALFORCE Marks, the negative space defines the interlocking "L" and "F," while in the Infringing Mark, it defines the column, which may be construed as an abstract "F."

22. In The LEGALFORCE Marks, the "L" and "F" share lines, creating a sense of unity and interconnection. In the Infringing Mark, the vertical lines of the column and the horizontal element at the top could be interpreted as forming letter shapes, which may subliminally echo the interlocked letters in the The LEGALFORCE Marks.

**Defendant's Infringing Activities in the United States using the confusingly similar mark.**

23. Defendant has infringed the Plaintiff's marks when advertising online, including in paid social media advertisements.

24. Specifically, Defendant advertised the Infringing Mark on social media platforms via paid Google Ads, and Instagram Ads: such as the one below :



25. Moreover, there is similarity in nature of the goods: Both companies provide legal services, which are similar in nature. Moreover, since both Plaintiff and Defendant target the same customer base or use similar marketing channels, there is a higher likelihood of confusion. In addition, the conditions under which and buyers to whom sales are made: since both companies sell their legal services in similar ways (i.e., both target consumers who are in need of legal services), there is a higher likelihood of confusion given the Defendant has been using the confusingly similar logo.

**PARTIES**

26. Plaintiff is a California S law firm having a principal place of business at 1580 W. El Camino Real, Suite 10, Mountain View, CA 94040, and which operates both the www.legalforcelaw.com website and the www.legalforce.com websites for over a decade.

27. Defendant is a Delaware corporation having a principal place of business at 909 N Pacific Coast Hwy FL 11 El Segundo, CA, 90245, with a previous headquarter address for Nolo.com at : 950 Parker St, Berkeley, CA 94710. It is registered as a limited liability

corporation.

**JURISDICTION AND VENUE**

28. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338, as this case arises under the federal laws of the United States, specifically alleging trademark infringement under the Lanham Act.

29. The plaintiff has experienced direct harm within this District, attributable to the defendant, MH Sub I, LLC's, unauthorized use of a mark similar to the plaintiff's registered trademarks since December 2023. This infringement has led to lost customers and opportunities directly within this forum, harm that is addressable and redressable through judicial intervention.

30. This Defendant can be sued in federal court in the United States in a trademark litigation because the Lanham Act, which governs trademarks in the United States, provides for jurisdiction over defendants who have committed trademark infringement in the United States.

31. The Plaintiff has suffered an injury in fact within this District, attributable to the defendant, MH Sub I, LLC's, unauthorized use of a mark similar to the plaintiff's registered trademarks since December 2023. This infringement has led to lost customers and opportunities directly within this forum. Therefore, Plaintiff has suffered a real, tangible injury that can be traced back to the defendant's actions because of the defendant's infringement.

32. Moreover, the Plaintiff's injury is likely to be redressed by a favorable judicial decision: A court order prohibiting the defendant's infringing conduct would likely lead to the restoration of the plaintiff's lost sales, profits, or reputation, and such a court order is likely to provide meaningful relief and redress the harm suffered.

33. Because all of these elements are satisfied, this defendant can be sued in federal court in the United States for trademark litigation. Plaintiff has suffered an injury in fact that is fairly traceable to the defendant's challenged conduct, and that is likely to be redressed by a favorable judicial decision because a decision would enjoin the defendant from its infringing activities in the United States.

34. This Court has general and specific jurisdiction over Defendant because it is physically

present in California and in the United States, and Defendant provided services to customers in California, specifically within this district.

35. This Court has general personal jurisdiction over Defendant because it has current and prospective customers who have offices in California, and in this District. This Court has personal jurisdiction over Defendant because the Defendant has substantial and systematic connections with this District, demonstrated by its targeted and continuous business operations, including offering services and conducting transactions that directly impact and engage consumers and businesses within Northern California. The Defendant's website directly links users with attorney's within this district.

36. Furthermore, this Court has general personal jurisdiction over Defendant because Defendant has or recently had an office address for "Nolo," a subsidiary of the defendant, in this District.

37. Defendant has intentionally and purposefully directed tortious acts expressly aimed at California and the United States, with foreseeable harm to Plaintiff, and Plaintiff's claims arise out of the Defendant's forum-related activities, and exercising jurisdiction over Defendant is both reasonable and fair given the facts alleged in this complaint.

38. The supplementation of jurisdiction over state law claims is grounded in 28 U.S.C. § 1367, reflecting the integral relationship between these claims and the federal trademark infringement allegations. These claims emerge from a unified set of facts, underscoring the pragmatic and legal efficiency of addressing both federal and state claims within a single judicial forum. .

39. Therefore, venue is aptly situated in this Court pursuant to 28 U.S.C. § 1391(b), given the defendant's deliberate engagements and its effectuated harm within this District. The defendant's targeted and continuous activities, including marketing and provision of services, affirm the substantial link to this District, reinforcing the propriety and fairness of litigating this dispute in this venue. Through these connections, the Court is furnished with a robust basis to exercise its jurisdiction, ensuring that the litigation occurs within a contextually relevant and geographically appropriate forum, thereby facilitating a thorough and just resolution of the

matters at issue.

# FIRST CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114

40. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates by reference each preceding paragraph as though fully set forth herein.

41. Plaintiff's marks LegalForce and LEGALFORCE are valid, protectable trademarks that are registered on the principal register at the USPTO.

42. Defendant infringed the Plaintiff's LEGALFORCE marks by advertising for sale within interstate commerce in the United States an online legal service called "LawFirms.com" starting around December 12, 2023.

43. Defendant has purposefully availed itself to jurisdiction in the Northern District of California by its unauthorized use of a mark similar to the LEGALFORCE marks since at least December 2023.

44. Defendant borrows from LegalForce logos. See comparison below:

| **LegalForce Marks** | **Defendant** |
|---|---|
| LegalForce | LawFirms.com |
| LF | |

45. The registered LEGALFORCE Mark and the Infringing Mark use a very similar shade of orange as their primary color. This can create a strong visual association, as color is often one of the first attributes noticed by consumers.

46. The LEGALFORCE Marks and the Infringing Mark are similar in their foundational geometry—all feature quadrilaterals with rounded corners and employ a combination of straight

and curved lines. The LEGALFORCE Marks are characterized by a distinctive right angle on two sides, combining the stability represented by squares with the approachability of circles.

47. The Defendant's logo, while also a quadrilateral with rounded corners, attempts to mimic this blend by softening its edges in a way that echoes the Plaintiff's unique design. This mirroring of geometric qualities can lead to visual confusion, as the fundamental shapes are closely aligned in concept and appearance. The use of rounded squares can convey a sense of modernity and accessibility, and in this case, it may lead consumers to associate the two companies due to the identical shape of their logos.

48. The LEGALFORCE Marks and the Infringing Mark opt for a clean, minimalistic design, devoid of additional text or embellishments. The simplicity of the design means that the few elements present are more likely to be compared directly.

49. The Infringing Mark features a column within the rounded square, which could be seen as a stylized letter "F" – especially since it has a horizontal element on top that could suggest the horizontal bar of an "F." This is similar to the LEGALFORCE Marks where the letter "F" is also a prominent feature.

50. The LEGALFORCE Marks and the Infringing Mark effectively utilize negative space to define their features. In the The LEGALFORCE Marks, the negative space defines the interlocking "L" and "F," while in the Infringing Mark, it defines the column, which may be construed as an abstract "F."

51. In the LEGALFORCE Marks, the "L" and "F" share lines, creating a sense of unity and interconnection. In the Infringing Mark, the vertical lines of the column and the horizontal element at the top could be interpreted as forming letter shapes, which may subliminally echo the interlocked letters in the plaintiff's logos.

52. In addition, given that Plaintiff is a well-known legal services company, there may be a higher likelihood of confusion with the Infringing Mark. Since both companies operate in the same market and use similar marketing techniques, there may be a higher likelihood of confusion.

53. LegalForce first discovered Defendant's infringing use in the English language shortly

before filing this Complaint.

54. Plaintiff extensively advertises the LEGALFORCE Marks daily since 2012. Thousands of Plaintiff's customers know Plaintiff's services by these marks and they search the LEGALFORCE Marks online to reach LegalForce's websites.

55. Plaintiff is the sole and exclusive owner of the LEGALFORCE Marks. It has overseen, controlled, and directed goods and services marketed, advertised, promoted, and sold under the LEGALFORCE Marks.

56. Plaintiff has priority of use in commerce for the LEGALFORCE Marks over Defendant.

57. Defendant's infringing use as alleged herein was done without the authorization or consent of LegalForce.

58. Such use is likely to cause initial interest confusion of consumers who are in fact searching solely for LegalForce and/or LegalForce's registered trademarks and is highly likely to cause confusion, mistake and deception among the general public as to the origin of Defendant's goods and services and/or as to the sponsorship by, affiliation with, and/or connection to LegalForce.

59. By using Plaintiff's registered trademarks, and by selling, offering for sale, distributing, or advertising goods and services to the general public in connection with LegalForce's registered trademarks, for profit, Defendant has caused and, unless enjoined by this Court, will continue to cause likelihood of confusion and deception of members of the public, and additional injury to Plaintiff's exclusive right to control, and benefit from, its registered trademarks, as well as Plaintiff's goodwill and reputation as symbolized by the LEGALFORCE Marks.

60. Defendant's conduct demonstrates an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's registered trademarks to LegalForce's great and irreparable injury.

61. Defendant has caused and is likely to continue causing substantial injury to the public and to LegalForce, and LegalForce is entitled to injunctive relief and to recover all damages sustained as a result of Defendant's infringing conduct, including but not limited to Defendant's

profits, as well as LegalForce's actual damages, enhanced profits, treble damages, statutory damages, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

## SECOND CLAIM FOR RELIEF

TRADEMARK INFRINGEMENT

15 U.S.C. § 1125(a)

62. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates by reference each preceding paragraph as though fully set forth herein.

63. Defendant uses a logo that is confusingly similar to the LEGALFORCE Marks in connection with the sale and advertising of services in a manner that is likely to cause confusion, mistake, and/or deception among consumers as to the affiliation, connection, or association of Defendant with LegalForce, or as to the origin, sponsorship, or approval of Defendant's products and services by LegalForce.

64. Defendant's adoption and use of the confusingly similar mark has been made notwithstanding LegalForce's well-known rights in the famous LEGALFORCE Marks and with constructive notice of LegalForce's federal registration rights under 15 U.S.C. § 1072.

65. The Lanham Act prohibits any false or misleading description or representation, including words or other symbols tending falsely to describe or represent the same, made in connection with any goods or services entered into commerce.

66. Displaying Defendant's homepage is likely to cause confusion or mistake, or to deceive as to the affiliation, connection or association of the Infringing Mark with LegalForce, or as to the origin, sponsorship, or approval by LegalForce.

67. Defendant's advertising is likely to cause confusion or mistake, or to deceive as to the affiliation, connection or association of the Infringing Mark with LegalForce, or as to the origin, sponsorship, or approval by LegalForce.

68. As a direct and proximate result of Defendant's infringing activities, LegalForce has suffered irreparable injury to LegalForce's business, reputation, and goodwill in its federally registered and pending LEGALFORCE Marks and will continue to suffer such injury unless Defendant is enjoined by this Court from continuing its infringing activities.

69. Defendant's wrongful conduct has been willful and malicious. Plaintiff is entitled to recover Defendant's profits, as well as LegalForce's actual damages, enhanced profits and all damages, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1117.

### THIRD CLAIM FOR RELIEF

### TRADEMARK INFRINGEMENT

### CALIFORNIA COMMON LAW

70. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates by reference each preceding paragraph as though fully set forth herein.

71. Plaintiff is the sole and exclusive owner of the trademark rights in the LEGALFORCE Marks.

72. Plaintiff has priority of use in commerce for the LEGALFORCE Marks over Defendant.

73. By its acts as described above, Defendant has created a likelihood of confusion, mistake, and/or deception among consumers as to affiliation; connection, or association with LegalForce or as to the origin, sponsorship, or approval of Defendant's Infringing Mark used in association with Defendant's products and services.

74. Absent injunctive relief, LegalForce has no means by which to control Defendant's infringing activities. LegalForce is thus entitled to preliminary and permanent injunctive relief prohibiting Defendant from continuing to commit such acts.

75. In performing the conduct described herein, on information and belief, Defendant acted with oppression and malice, intending to injure Plaintiff and to wrongfully advantage itself at Plaintiff's expense. Plaintiff is entitled to an award of compensatory and punitive damages against Defendant, in an amount to be determined at trial.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant as follows:

A. That Defendant and its respective agents, officers, employees, representatives, licensees, franchisees, successors, assigns, attorneys and all other entities and persons acting for, with, by through or under authority from Defendant, and each of them, be preliminarily

and permanently enjoined from: (a) using the LEGALFORCE Marks, service marks, and trade names, or any colorable imitation thereof; (b) using any trademark that imitates or is confusingly similar to or in any other way similar to any of the LEGALFORCE Marks or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of LegalForce's products or its connectedness to Defendant; (c) using any trademark or service mark that is confusingly similar to the distinctiveness of any of the LEGALFORCE Marks;

B. That Defendant be required to file with the Court and serve on LegalForce within thirty (30) days after entry of the injunction, a declaration under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

C. That, pursuant to 15 U.S.C. § 1117, Defendant be compelled to account to LegalForce for any and all profits derived by Defendant from its illegal acts complained of herein;

D. That Plaintiff be awarded their costs and expenses of this action against Defendant, including their reasonable attorneys' fees necessarily incurred in bringing and pressing this case, as provided in 15 U.S.C. § 1117(a);

E. That, pursuant to 15 U.S.C. § 1117, Defendant be held liable for all damages suffered by LegalForce resulting from the acts alleged herein including compensatory and punitive damages against Defendant in an amount to be proven at trial;

F. That Plaintiff be awarded treble damages to the fullest extent available under the law.

G. An award of Defendant's profits from their infringing conduct;

H. Award Plaintiff pre- and post-judgment interest at the applicable rates on all amounts awarded;

I. Grant permanent injunctive relief to prevent the recurrence of the violations for which redress is sought in this Complaint;

J. That the Court grant LegalForce any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under all applicable federal or state laws; and

K. Order any other such relief as the Court deems appropriate.

Respectfully submitted this Monday, February 5, 2024.

LEGALFORCE RAPC WORLDWIDE P.C.

By__/s/_Andrea K. Gorrie_
Andrea K. Gorrie
California State Bar No. 351,177
Attorney for Plaintiff:
LegalForce RAPC Worldwide P.C.

# JURY TRIAL DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable in this matter.

Respectfully submitted this Monday, February 5, 2024.

      LEGALFORCE RAPC WORLDWIDE P.C.

      By__/s/_Andrea K. Gorrie_
      Andrea K. Gorrie
      California State Bar No. 351,177
      Attorney for Plaintiff:
      LegalForce RAPC Worldwide P.C.