Andrea K. Gorrie, California SBN 351177
Andrea@LegalForceLaw.com

Spencer R, Keller, Arizona SBN 038491
(Appearing Pro Hac Vice)
Spencer@Trademarkia.com

LEGALFORCE RAPC WORLDWIDE, P.C.
1580 W. El Camino Real, Suite 10
Mountain View, CA 94040
Telephone: (650) 965-8731
Facsimile: (650) 989-2131

Attorney for Plaintiff,
LegalForce RAPC Worldwide P.C.

Wendy Evelyn Giberti (SBN 268933)
wgiberti@igeneralcounsel.com
iGeneral Counsel, P.C.
9595 Wilshire Blvd., STE 900
Beverly Hills, CA 90212
Telephone: (310) 300-4082
Facsimile: (310) 300-8401

Attorneys for Defendant
MH SUB I, LLC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| LEGALFORCE RAPC WORLDWIDE, P.C. | 3:24-cv-00669-WHA |
|---|---|
| Plaintiff, | |
| v. | **JOINT CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER** |
| MH SUB I, LLC., a Delaware corporation, | |
| Defendant. | Date: June 13, 2024 |
| | Time: 8:00 a.m. |
| | Crtrm: 12 |
| | Judge: Hon. William H. Alsup |

Plaintiff LegalForce RAPC Worldwide, P.C. (hereinafter "LegalForce") and Defendant MH Sub I, LLC (hereinafter "Defendant") (collectively, the "Parties") submit this Joint Case Management Statement and [Proposed] Order pursuant to the Court's April 2, 2024, Order.

**1. JURISDICTION AND SERVICE**

Plaintiff's Position:

This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338, as this case arises under the federal laws of the United States, specifically alleging trademark infringement under the Lanham Act.

The plaintiff has experienced direct harm within this District, attributable to the defendant, MH Sub I, LLC's, unauthorized use of a mark similar to the plaintiff's registered trademarks since December 2023. This infringement has led to lost customers and opportunities directly within this forum, harm that is addressable and redressable through judicial intervention.

This Defendant can be sued in federal court in the United States in a trademark litigation because the Lanham Act, which governs trademarks in the United States, provides for jurisdiction over defendants who have committed trademark infringement in the United States.

The Plaintiff has suffered an injury in fact within this District, attributable to the defendant, MH Sub I, LLC's, unauthorized use of a mark similar to the plaintiff's registered trademarks since December 2023. This infringement has led to lost customers and opportunities directly within this forum. Therefore, Plaintiff has suffered a real, tangible injury that can be traced back to the defendant's actions because of the defendant's infringement.

Moreover, the Plaintiff's injury is likely to be redressed by a favorable judicial decision: A court order prohibiting the defendant's infringing conduct would likely lead to the restoration of the plaintiff's lost sales, profits, or reputation, and such a court order is likely to provide meaningful relief and redress the harm suffered.

Because all of these elements are satisfied, this defendant can be sued in federal court in the United States for trademark litigation. Plaintiff has suffered an injury in fact that is fairly traceable to the defendant's challenged conduct, and that is likely to be redressed by a favorable judicial decision because a decision would enjoin the defendant from its infringing activities in the United States.

This Court has general and specific jurisdiction over Defendant because it is physically present in California and in the United States, and Defendant provided services to customers in California, specifically within this district.

This Court has general personal jurisdiction over Defendant because it has current and prospective customers who have offices in California, and in this District. This Court has personal jurisdiction over Defendant because the Defendant has substantial and systematic connections with this District, demonstrated by its targeted and continuous business operations, including offering services and conducting transactions that directly impact and engage consumers and businesses within Northern California. The Defendant's website directly links users with attorney's within this district.

Furthermore, this Court has general personal jurisdiction over Defendant because Defendant has or recently had an office address for "Nolo," a subsidiary of the defendant, in this District.

Defendant has intentionally and purposefully directed tortious acts expressly aimed at California and the United States, with foreseeable harm to Plaintiff, and Plaintiff's claims arise out of the Defendant's forum-related activities, and exercising jurisdiction over Defendant is both reasonable and fair given the facts alleged in this complaint.

The supplementation of jurisdiction over state law claims is grounded in 28 U.S.C. § 1367, reflecting the integral relationship between these claims and the federal trademark infringement allegations. These claims emerge from a unified set of facts, underscoring the pragmatic and legal efficiency of addressing both federal and state claims within a single judicial forum.

Therefore, venue is aptly situated in this Court pursuant to 28 U.S.C. § 1391(b), given the defendant's deliberate engagements and its effectuated harm within this District. The defendant's targeted and continuous activities, including marketing and provision of services, affirm the substantial link to this District, reinforcing the propriety and fairness of litigating this dispute in this venue. Through these connections, the Court is furnished with a robust basis to exercise its jurisdiction, ensuring that the litigation occurs within a contextually relevant and geographically appropriate forum, thereby facilitating a thorough and just resolution of the matters at issue.

/

Defendant's Position:

Defendant submits to personal jurisdiction and venue. Defendant specifically denies the allegations of wrongdoing set forth above.

## 2. FACTS

Plaintiff's Position:

LegalForce is the owner of three U.S. federal trademark registrations: "LegalForce" (Reg. No. 4227650) for legal services including law firm services, legal document preparation, and general information in the field of legal services; "LegalForce" (Reg. No. 4346898) for legal services and security services; and "LegalForce Trademarkia" (Reg. No. 5642937) for providing non-downloadable software for trademark searching and managing trademark matters. LegalForce also has a pending U.S. federal trademark application (Serial No. 98372820) for providing comprehensive legal services and an online platform designed to facilitate connections between consumers, businesses, and legal professionals.

LegalForce has extensively used and promoted the LEGALFORCE Marks nationwide, achieving significant public recognition and major press coverage from Bloomberg, FastCompany, TechCrunch, The World Trademark Review, Wall Street Journal, and the ABA Journal. LegalForce has invested over ten million dollars in promoting the LEGALFORCE brand, leading to widespread fame and recognition in the legal services industry.

Defendant operates LawFirms.com and uses a logo (hereinafter the "Infringing Mark") that is confusingly similar to the LEGALFORCE Marks. The Infringing Mark employed by the Defendant shares a number of distinct similarities with the LEGALFORCE Marks. These similarities include a nearly identical color scheme, incorporating shades of orange that are visually indistinguishable from those used by LegalForce, which is significant as color is often one of the first attributes noticed by consumers. Additionally, the design elements of the Infringing Mark closely mimic those of the LEGALFORCE Marks, including the use of a rounded quadrilateral shape. This shape is characterized by two rounded corners and two pointed ninety-degree corners, mirroring the distinctive geometry of the LEGALFORCE Marks.

Furthermore, both the LEGALFORCE Marks and the Infringing Mark effectively utilize negative space to define their features. In the LEGALFORCE Marks, the negative space forms the interlocking "L" and "F," while in the Infringing Mark, it defines a column, which may be construed as an abstract representation of the letter "F." This strategic use of negative space contributes to the overall commercial impression of the marks, enhancing their distinctiveness. The Defendant's mark also employs a clean, minimalistic design devoid of additional text or embellishments, similar to the LEGALFORCE Marks. The simplicity of these designs means that the few elements present are more likely to be compared directly by consumers, further increasing the likelihood of confusion.

Both LegalForce and the Defendant operate in the legal services industry, providing online legal services and platforms that connect potential clients with legal professionals. LegalForce operates websites such as www.legalforcelaw.com, www.legalforce.com, and www.Trademarkia.com, offering a broad spectrum of legal services. LegalForce's website collects potential clients' personal and case-specific information and then prompts an attorney to contact the potential client. Defendant's website, "LawFirms.com," similarly collects potential clients' personal and case-specific information and promises attorney contact, mirroring LegalForce's methods of client engagement.

Both parties actively advertise their services online, including on social media platforms like Instagram. Defendant's paid advertisements on Instagram are labeled as being promoted by a "Lawyer and Law Firm," further contributing to consumer confusion regarding the source of legal services. The similarities in advertising methods and the use of online platforms to attract clients demonstrate that both parties compete in the same market space, targeting the same customer base.

Plaintiff LegalForce RAPC Worldwide P.C. asserts that Defendant's use of a confusingly similar mark for competing legal services infringes upon the LEGALFORCE Marks, creating a likelihood of consumer confusion and causing significant harm to LegalForce's business and reputation. LegalForce seeks to protect its trademark rights and uphold the integrity of its brand in the legal services industry.

/

/

Defendant's Position:

Headquartered in El Segundo, California, MH Sub I, LLC d/b/a Internet Brands is a media company that operates various websites, develops, and licenses internet software for social and professional media applications, and provides databases for various industries. MH Sub owns and operates more than 200 principal websites in seven different categories, including the "Legal Division." Within the Legal Division, MH Sub owns and operates lawfirms.com, (the "Lawyer Website"), which allows attorneys to match with potential clients. The Lawyer Website allows anyone to input data in order to be referred to attorneys matching their needs. For lawyers, it is a lead generation tool. To be clear, MH Sub and the Lawyer Website are not a law firm and do not represent any clients at any time.

More specifically, Defendant does not offer legal services, and does not market to the public for such services. The Defendant is a **database** for would-be clients to find law firms and lead generation for lawyers. There is no possibility anyone could mistakenly "purchase" Defendant's FREE services thinking they were hiring Plaintiff's law firm. If anything, Defendant's services would drive traffic to Plaintiff. (Discovery has yet to begin, but Defendant expects to find that Plaintiff has even used Defendant's services).

Plaintiff relies heavily on its vast collection of domain names. Those domain names have no bearing on this case. It is a trademark case, not a tradename case. The marks are so obviously dissimilar and there exist marks far more identical to Plaintiff's for which it has shown no concern. The Plaintiff's mark cannot provide it much value if no efforts have been made to protect it in the marketplace. Finally, it is

wildly speculative to claim Defendant's wholly different mark has caused Plaintiff legal damages in the absence of any cognizable claim.

### 3. LEGAL ISSUES

Plaintiff's Position:

Plaintiff has identified the following preliminary legal issues:

(1) Whether the Defendant has committed Trademark Infringement pursuant to 15 U.S.C. § 1114.

(2) Whether the Defendant has committed Trademark Infringement pursuant to 15 U.S.C. § 1125(a).

(3) Whether the Defendant has committed Trademark Infringement pursuant to California Common Law.

(4) Whether Defendant is entitled to a dismissal with prejudice.

Defendant's Position:

In addition to the four legal issues stated above, Defendant identifies:

(1) Has the Plaintiff even alleged facts sufficient to give rise to a cause of action?

(2) Has Defendant's mark caused Plaintiff any damages?

(3) How much are Plaintiff's damages, if any?

(4) Is the Defendant entitled to costs and attorneys' fees?

### 4. MOTIONS

Plaintiff's Position:

Plaintiff intends to file Discovery motions if there are discovery disputes and intends to file a Motion for Summary Judgment. In addition, Plaintiff anticipates a motion for attorney fees pursuant to 15 U.S.C. 1117(a) and the Court's inherent power.

/

/

Defendant's Position:

Discovery has not yet begun. Defendant does not anticipate any discovery disputes, as counsel for recognizes the importance of resolving such disputes without judicial intervention. Defendant has a pending Motion to Dismiss, which is set for hearing on June 13, 2024. If the Court denies that Motion, Defendant will file a Motion for Summary Judgment on similar grounds, as well as on Plaintiff's inevitable lack of evidence, lack of damages, and failure to state a claim.

**5.   AMENDMENT OF PLEADINGS**

The Parties agree that, in the event this case proceeds, the last day the Parties may amend the pleadings is September 13, 2024.

**6.   EVIDENCE PRESERVATION**

Plaintiff's Position:

LegalForce confirms that it has taken appropriate steps to preserve documents, records, evidence, electronic data, and materials relevant to this lawsuit from modification or loss. LegalForce certifies that it has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and is willing to negotiate a protective order and ESI stipulation if this case reaches discovery.

Defendant's Position:

MH Sub I, LLC confirms that it has taken appropriate steps to preserve documents, records, evidence, electronic data, and materials relevant to this lawsuit from modification or loss. MH Sub I, LLC certifies that it has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and is willing to negotiate a protective order and ESI stipulation if this case reaches discovery.  MH Sub I, LLC does not anticipate any documents in the relevant time frame were lost or destroyed prior to the filing of this lawsuit but will rely on any retention policies in place prior to instigation of litigation; Plaintiff never contacted Defendant prior to filing.

### 7. DISCLOSURES

Plaintiff's Position:

The parties will exchange disclosures in accordance with the Local Rules set forth by the United States District Court, Northern District of California.

Defendant's Position:

The parties will exchange disclosures in accordance with the Local Rules set forth by the United States District Court, Northern District of California.

### 8. DISCOVERY

Plaintiff's Position:

Plaintiff intends to take up to the full ten ("10") depositions should this case proceed to discovery, which will be a combination of party and third party witnesses. Plaintiff intends to hire at least one expert witness, conduct surveys, and take full discovery necessary to fully litigate this case.

Defendant's Position:

In the absence of Plaintiff's initial disclosures, it is difficult to determine the extent of discovery needed. However, given the relatively straight-forward nature of Plaintiff's claim, Defendant anticipates only a few depositions, written discovery regarding such matters as Plaintiff's business model, gross and net revenue, marketing efforts, lost business claims, and general damages claim. Defendant does not anticipate hiring an expert, as this case simply does not warrant such attention but reserves the right to do so and to hire a rebuttal expert if necessary.

### 9. CLASS ACTIONS

This litigation is not a class action.

### 10. RELATED CASES

There are no related cases to this action.

**11. RELIEF**

<u>Plaintiff's Position</u>:

Plaintiff requests that this Court enter judgment against Defendant as follows:

- That Defendant and its respective agents, officers, employees, representatives, licensees, franchisees, successors, assigns, attorneys and all other entities and persons acting for, with, by through or under authority from Defendant, and each of them, be preliminarily and permanently enjoined from: (a) using the LEGALFORCE Marks, service marks, and trade names, or any colorable imitation thereof; (b) using any trademark that imitates or is confusingly similar to or in any other way similar to any of the LEGALFORCE Marks or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of LegalForce's products or its connectedness to Defendant; (c) using any trademark or service mark that is confusingly similar to the distinctiveness of any of the LEGALFORCE Marks;

- That Defendant be required to file with the Court and serve on LegalForce within thirty (30) days after entry of the injunction, a declaration under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

- That, pursuant to 15 U.S.C. § 1117, Defendant be compelled to account to LegalForce for any and all profits derived by Defendant from its illegal acts complained of herein;

- That Plaintiff be awarded their costs and expenses of this action against Defendant, including their reasonable attorneys' fees necessarily incurred in bringing and pressing this case, as provided in 15 U.S.C. § 1117(a);

- That, pursuant to 15 U.S.C. § 1117, Defendant be held liable for all damages suffered by LegalForce resulting from the acts alleged herein including compensatory and punitive damages against Defendant in an amount to be proven at trial;

- That Plaintiff be awarded treble damages to the fullest extent available under the law.

- An award of Defendant's profits from their infringing conduct;

- Award Plaintiff pre- and post-judgment interest at the applicable rates on all amounts awarded;
- Grant permanent injunctive relief to prevent the recurrence of the violations for which redress is sought in this Complaint;
- That the Court grant LegalForce any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under all applicable federal or state laws; and
- Order any other such relief as the Court deems appropriate.

Defendant's Position:

Defendant's position is simple: it seeks dismissal of Plaintiff's claims, with prejudice and recovery of its attorneys' fees and costs incurred herein.

## 12. SETTLEMENT AND ADR

Plaintiff's Position:

Plaintiff is available to mediate and resolve this case through mediation or ADR in good faith.

Defendant's Position:

Defendant is always open to reasonable settlement options. Defendant prefers settlement conference with the trial judge or with the assigned magistrate. While this ask it a burden on the Court, it has been counsel's experience that the parties are more inclined to settle in this forum.

## 13. OTHER REFERENCES

Plaintiff's Position:

LegalForce appreciates the time and effort that the Court has put into the case thus far, and has nothing further to add here.

/

Defendant's Position:

Defendant does not request referral.

### 14. NARROWING OF ISSUES

Plaintiff's Position:

LegalForce will work to constructively narrow the case if needed during discovery if necessary for the sake of judicial economy and efficiency.

Defendant's Position:

Defendant has a Motion to Dismiss pending, which may significantly narrow the issues in this matter. If that Motion is denied, the issues nonetheless remain simple, does the Defendant's mark infringe Plaintiff's and if so, what are Plaintiff's damages. There really can't be any narrow set of legal issues.

### 15. EXPEDITED TRIAL PROCEDURE

Plaintiff's Position:

LegalForce does not presently believe that this case can be handled on an expedited basis with streamlined procedures. Defendant's are still using the infringing mark in commerce despite this action thus demonstrating their continued willingness to infringe on LegalForce's intellectual property.

Defendant's Position:

Defendant requests the soonest possible trial date the Court can provide. If Plaintiff's concern is truly on-going use, it would behoove Plaintiff to have the matter decided expeditiously. Defendant requests this Court set the case on the right path from the inception. This is not a meaningful case. It should not take up the Court's time and has no novel factual or legal issues. It is as straight-forward a trademark case as has ever existed. Defense counsel is concerned that

Plaintiff's intend to use this case as simply a training exercise and expand unnecessarily discovery, depositions, motion practice, experts, etc.

### 16. SCHEDULING

Plaintiff's Position:

Plaintiff believes that this case should be scheduled through trial. If the case goes forward, modification may be appropriate.

Defendant's Position:

Defendants believe this case can be decided on motion, whether the pending Motion to Dismiss or a subsequent Motion for Summary Judgment. Again, Defendant is eager to have the matter tried and will make counsel available at the Court's earliest convenience. Defendant sees no reason for this case to linger on the docket, allowing the parties to simply incur gross attorneys' fees to no end.

### 17. TRIAL

Plaintiff's Position:

Assuming trial is held from 8:30 a.m. to 1:30 p.m. Mondays through Thursdays, LegalForce estimates trial will take ten days.

Defendant's Position:

Defendant anticipates several issues will be stipulated before trial. If this case reaches trial, it will be on the two simple issues raised in Section 14. Defendant anticipates this case will take no more than 4 days.

### 18. PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 19. OTHER MATTERS

<u>Plaintiff's Position</u>

    None.

<u>Defendant's Position</u>

    None.

Dated:  June 6, 2024            iGeneral Counsel, P.C.

                                                    By: <u>*/s/ Wendy Evelyn Giberti*</u>
                                                    Wendy Evelyn Giberti
                                                    *Attorney for Defendant*

Dated:  June 6, 2024            LEGALFORCE RAPC WORLDWIDE P.C.

                                                    By: <u>*/Spencer Keller/*</u>
                                                    Spencer Keller (Appearing Pro Hac Vice)
                                                    *Attorney for Plaintiff*

## ATTESTATION

I hereby attest that concurrence in the content and filing of this document has been obtained from Counsel for Defendant.

Dated:  June 6, 2024                                          LEGALFORCE RAPC WORLDWIDE P.C.

                                                              By: */Spencer Keller/*
                                                              Spencer Keller
                                                              *Attorney for Plaintiff*

## [PROPOSED] CASE MANAGEMENT ORDER

The above Joint Case Management Statement and [Proposed] Order is approved as the Case Management Order for this case and all parties shall comply with its provisions.

**IT IS SO ORDERED**.

Dated: _____        _____
                                      Hon. William H. Alsup
                                      United States District Judge
                                      Northern District of California