UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE P.C.,<br><br>            Plaintiff,<br><br>    v.<br><br>MH SUB I, LLC,<br><br>            Defendant. | No. C 24-00669 WHA<br><br>**ORDER DENYING MOTION TO DISMISS** |

## INTRODUCTION

In this trademark action, defendant moves to dismiss the complaint. For the following reasons, the motion is **DENIED**.

## STATEMENT

LegalForce is a law firm that offers online legal services for businesses and customers (Dkt. No. 1 ("Compl.") ¶ 5). It has used several registered trademarks since 2012 (*id.* ¶¶ 1–2, 54). LegalForce's marks appear on its website, in online ads, and in other places its $10 million in marketing has afforded (*id.* ¶¶ 6–8). One mark is chiefly at issue: a logo combining a symbol and stylized text. The symbol comprises an orange-colored box, having two straight-edged corners and two round-edged corners, and enclosing the interlocking letters "$L^F$" (*id.* ¶¶ 1, 14). To the right of the symbol is stylized text reading "**Legal**Force" (*ibid.*).

| **Plaintiff's Mark at Issue**<br>(Registration No. 4346898) | **Defendant's Mark**<br>(Unregistered) |
|---|---|
| [LegalForce logo] | [LawFirms.com logo] |

MH Sub I, LLC ("LawFirms.com") is not a law firm but a limited liability corporation that "target[s] consumers who are in need of legal services" and connects them with "Experts with Decades of Success" (*id.* ¶¶ 24–25). Since at least December 2023, LawFirms.com has on social media and its website used a logo that, like LegalForce's, combines a symbol and stylized text (*id.* ¶¶ 8, 24). The symbol comprises an orange-colored box, again having two sharp-edged corners and two round-edged corners, enclosing a Roman column (*id.* ¶ 14). To the right of the symbol is stylized text reading "**LawFirms**.com" (*ibid.*).

LegalForce's complaint alleges LawFirms.com's mark is confusingly similar (*id.* ¶ 31). LawFirms.com's use of the logo allegedly causes LegalForce to lose "customers and opportunities" (*ibid.*; *see also id.* ¶¶ 59, 61). Consumers seeking legal services might see LawFirms.com's logo and — because its logo looks like the logo LegalForce's marketing already made them view positively — choose LawFirms.com (*see id.* ¶¶ 25, 59–60).

LegalForce filed the instant complaint against LawFirms.com for trademark infringement under federal and California law (*id.* ¶¶ 40–75). LawFirms.com moves to dismiss.

## ANALYSIS

### 1. LEGAL STANDARD.

To survive dismissal under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleadings include "the complaint itself and its attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014). From the pleadings, the court may strip away legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555. So long as the remaining factual allegations make plausible that defendant acted unlawfully, the motion must be denied, and plaintiff may develop their case. *Iqbal*, 556 U.S. at 678.

2. **TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114.**

LegalForce's complaint first alleges trademark infringement under Section 1114 (Compl. ¶¶ 40–61). This section "provides a cause of action for the owner of a registered trademark against any person who, without consent of the owner, uses the trademark in commerce in connection with the sale or advertising of goods or services, when such use is likely to cause confusion." *Marketquest Grp. v. BIC Corp.*, 862 F.3d 927, 932 (9th Cir. 2017). LawFirms.com concedes the complaint adequately alleges that LegalForce owns registered LegalForce marks, and that LawFirms.com commercially uses the challenged LawFirms.com mark (*see* Dkt. No. 9 ("Br.") at 1, 5 & n.13). Instead, LawFirms.com contests only whether the complaint adequately alleges confusion is likely to result (*see id.* at 3–4).

"The core element of trademark infringement is the likelihood of confusion, *i.e.*, whether the similarity of the marks is likely to confuse customers about the source of the products." *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1290 (9th Cir. 1992). Eight factors guide the determination:

> (1) strength of [plaintiff's] mark; (2) proximity[/relatedness] of [plaintiff's and defendant's] goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting [its] mark; and (8) likelihood of expansion of the product lines.

*Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 632 (9th Cir. 2008) (citing *AMF Inc. v. Sleekcraft Boats*, 559 F.2d 341, 348–49 (9th Cir. 1979)). A court need not consider every listed factor — and can consider unlisted ones. *See ibid.* A court must, however, consider some subset of factors that caselaw and common sense suggest are critical under the circumstances. *See ibid.* What subset matters here? "[T]he similarity of the marks and whether the two companies are direct competitors" are "always" critical factors. *See Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1054 (9th Cir. 1999). Should the services be "related, but not competitive, several other factors [should be] added to the calculus." *Sleekcraft*, 559 F.2d at 348. Similarity of marketing channels is often added next, a factor favoring confusion if similarity results in more than "mere diversion." *See Network*

3

*Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1148–49 (9th Cir. 2011) (stating this "trinity" of factors often, though not always, predicts confusion).

### (i)   Relatedness of the Services

LegalForce's complaint alleges that "[b]oth companies provide legal services," a fact supporting likely confusion (Compl. ¶ 25; *see also id.* ¶¶ 5, 24). In its motion to dismiss, however, LawFirms.com argues the companies' services are "completely unrelated" (Br. 4). LawFirms.com contends it is "a database for would-be clients to find law firms," whereas LegalForce *is* "a law firm" (Br. 5). Such a lawyerly distinction may not make a difference to the consumer — and so cannot make a difference in this posture. LegalForce makes two points explaining why.

*First*, the complaint alleges "both [organizations] *target* consumers who are in need of legal services" (*see* Compl. ¶ 25 (emphasis added); *see also id.* ¶¶ 4, 24). This allegation makes plausible that the two compete for attention and ultimately revenue from the same consumers — even if one offers consumers legal services it provides, while the other offers referrals to legal services others provide (*see* Dkt. No. 12 ("Opp. Br.") at 7–8; Br. 4–5). Courts should not "overemphasize[] differences in principal lines of business" when analyzing competition as a factor supporting confusion. *Brookfield*, 174 F.3d at 1056.

*Second*, regardless of what service each really provides, the complaint adequately alleges LawFirms.com holds itself out as providing the same thing LegalForce does (Compl. ¶¶ 24–25). LawFirms.com boldly argues the complaint does not characterize its services (Br. 4). To the contrary, the complaint quotes LawFirms.com's own advertisements, which characterize its services as including "Tailored Case Review" (Compl. ¶ 25 (capitalization altered)).

### (ii)   Similarity of the Marks

"When," as here, the services of "the alleged infringer compete for sales with those of the trademark owner, infringement usually will be found if the marks are sufficiently similar . . . ." *Sleekcraft*, 599 F.2d at 348. The complaint alleges the marks are similar: in shape, color, and "overall commercial impression" (Compl. ¶¶ 15–21). The complaint focuses on the two logos

shown above (*id.* ¶¶ 1, 14). LawFirms.com argues "[t]he marks are obviously dissimilar" (Br. 5).

Similarity is determined by comparing part to part (text to text, symbol to symbol) and then whole to whole. *See Sleekcraft*, 599 F.2d at 350–52 (so doing for marks entailing Sleekcraft and Slickcraft). As the court compares each part, it should further consider the multiple "levels" at which marks make impressions: "sight, sound, and meaning." *Id.* at 351.

Starting with the stylized text, "**Legal**Force" and "**LawFirms**.com" plausibly impress similar sights, sounds, and meanings — much as do "Sleekcraft" and "Slickcraft." *Id.* at 350–52. At sight, both marks feature an uppercase "L" and "F" standing over lowercase letters (*see* Compl. ¶ 14). Both feature bold font preceding regular font (*see ibid.*). And in sound and meaning, both plausibly sing similar tunes (from lilting start to forceful finish) about similar things (a cadre of lawyers). LawFirms.com's argues the two are distinct because one is typed in Calibri, the other in Cambria (Br. 6). Whether that purported difference distinguishes the marks to consumers is not readily resolved in this posture. *Cf. Ironhawk Techs., Inc. v. Dropbox, Inc.*, 2 F.4th 1150, 1166–67 (9th Cir. 2021).

Turning to the symbols, the complaint alleges that both marks include orange boxes having two straight and two rounded corners, one "mirroring" the other (*see* Compl. ¶¶ 14, 17–18). Indeed, in one, the straight corners are in the top left and lower right; in the other, they are in the lower left and upper right (*see ibid.*). The complaint further alleges that at a glance the orange boxes embrace vertical elements having short horizontal appendages, one the letters "$L^F$" and the other an "I"-like Roman column (*id.* ¶ 14). In its motion to dismiss, LawFirms.com relies on a purported difference and on a purported similarity to argue no confusion could result. Neither point persuades. *First*, LawFirms.com points to a difference: that one logo appears orange, the other red (Br. 6). Whether consumers appreciate such shades, however, is not black and white — and again not readily resolved in this posture. *Cf. Ironhawk Techs.*, 2 F.4th at 1166–67. *Second,* LawFirms.com points to a *similarity*: that the rounded boxes are as like each other as they are like the rounded boxes of the LEGO and

Dominos marks (Br. 6–7). As an initial matter, the boxes at issue are rounded on two corners, while the LEGO and Dominos boxes are rounded on four (*see* Opp. Br. 13).

Moreover, and turning now to compare the whole of one mark to the whole of the other, the plausibly similar elements are also arranged in plausibly similar ways. Each logo appears to place the rounded box to the left of the stylized text and to scale that rounded box in similar proportion to the text (*see* Compl. ¶ 14). Even if a generic element is by itself not protectable and so cannot be infringed, a combination involving that element may be protectable and infringed. *See Sleekcraft*, 599 F.2d at 351. Such was the case for the generic "craft" in "Sleekcraft" and "Slickcraft," and for the generic "old" in "Old Forester" and "Old Foster." *See ibid.* And such may plausibly be the case here for the rounded box combined with the stylized text.

LegalForce's complaint plausibly alleges the marks are similar, making likely confusion increasingly plausible.

### (iii)   *Similarity of Marketing Channels*

The complaint further alleges the marks appear in similar marketing channels, including social media (Compl. ¶¶ 23–25). That infringer and infringed both advertise online may not be the bad fact it once was. *See Network Automation*, 638 F.3d at 1148–49. Still, that both use the same marketing channel plausibly supports, rather than dispels, concerns about confusion. LawFirms.com urges that "[c]onsumers don't search for logos, they search for words" (Br. 7). This argument misses the complaint's allegation: The companies actively "target" the consumers with ads featuring the logos (*see* Compl. ¶¶ 23–25). Whatever consumer searches or steps, if any, trigger the purported targeting is a detail beyond the scope of what plaintiff must allege to put defendant on notice to defend the action.

Finally, because the complaint alleges that the marks are used in the firms' ads and on the firms' websites, the complaint sufficiently alleges confusion under initial interest and point-of-transaction theories (*see id.* ¶ 58). Both are plausibly pleaded notwithstanding LawFirms.com's argument there is "no possibility anyone could mistakenly 'purchase' Defendant's FREE services" (Br. 5). The legal claim is that consumers would mistakenly

choose defendant's "free" services, instead of plaintiff's paid ones, and that this would injure plaintiff — regardless of whether or how defendant chooses to monetize the choice on its side.

LawFirms.com does not challenge the complaint's sufficiency as to any other *Sleekcraft* factor. The complaint's allegations thus make likely confusion plausible. *See Brookfield*, 174 F.3d at 1053 n.15. The motion to dismiss the Section 1114(1) claims is **DENIED**.

### 3. TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(a).

LegalForce's complaint next alleges trademark infringement under Section 1125(a) (Compl. ¶¶ 62–69). This section creates an action for a broader set of plaintiffs seeking relief from a broader set of harms. *Compare* 15 U.S.C. § 1125(a), *with id.* § 1114(1). LegalForce's complaint, however, meaningfully alleges only the same marks and the same harms already alleged under the prior section (*compare* Compl. ¶¶ 62–69, *with id.* ¶¶ 40–61). Likewise, LawFirms.com again contests only the complaint's sufficiency as to likely confusion (Br. 2–3). Because the complaint adequately states confusion under Section 1114(1), it also states confusion under Section 1125(a). *See, e.g.*, *Brookfield*, 174 F.3d at 1053. The motion to dismiss the Section 1125(a) claims is **DENIED**.

### 4. TRADEMARK INFRINGEMENT UNDER CALIFORNIA LAW.

LegalForce's complaint finally alleges trademark infringement under California's common law (Compl. ¶¶ 70–75). Again, LawForce.com contests only whether the complaint sufficiently alleges confusion (Br. 2–3). The same standard for likely confusion again applies. *See Thane Int'l., Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 901 n.3 (9th Cir. 2002). "Because [LegalForce] has sufficiently pleaded its claim for federal trademark infringement, it has also adequately pleaded its claim for common law trademark infringement." *AAA v. Auto Glass Experts, Inc.*, No. C 06-04006 WHA, 2006 WL 8442067, at *3 (N.D. Cal. Nov. 16, 2006).

The motion to dismiss claims for relief under California's common law is **DENIED**.

**CONCLUSION**

For the foregoing reasons, the motion to dismiss is **DENIED**. LawFirms.com's answer is due in **FOURTEEN DAYS**.

**IT IS SO ORDERED**.

Dated: June 27, 2024.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE