UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEGALFORCE RAPC WORLDWIDE P.C.,

    Plaintiff,

v.

MH SUB I, LLC,

    Defendant.

No. C 24-00669 WHA

**ORDER ON DISCOVERY LETTER DKT. NO. 69**

Plaintiff has filed a Letter Brief asking me to permit the recording of meet and confer sessions. Defendant objects to the recording. Plaintiff also seeks the entry of two protective orders, one governing the production of Electronically Stored Information, and another more general in coverage. Defendant opposes the orders submitted by Plaintiff, but offers two different orders which it argues would better serve this case. From the record before me it appears that the parties have not discussed any part of this motion face to face as required by my earlier Order; consequently, I do not believe a hearing would be necessary or useful. Plaintiff's requests and Defendant's counter-requests are **DENIED**.

    1.    **REQUEST TO RECORD**

Plaintiff asks me to order the Defendant to participate in formally recorded meet and confer sessions even though the Defendant refuses. Plaintiff cites no legal basis or precedent for such an order. Even if I had the power to do so I would not. Plaintiff misapprehends the

purposes of meeting and conferring.  There is almost always a benefit from working with an opponent (no matter how difficult or distasteful) to design, through compromise, a discovery process tailored to a particular case, rather than submitting endless disputes hoping for a successful winner take all outcome.  And there is always a duty to one's client to try to achieve this efficiency.  This design is achieved by full and frank exchanges between the parties to find a process that protects each party's core interests, but which permits each party the full opportunity to obtain the discovery needed to support its case.  Compromise is central.  Unfortunately, we are not yet at that point in this case.  At the moment, both parties are using their communications to antagonize each other and to generate mini litigations within the larger dispute. I don't see that creating a formal record of these aggressions will help us move forward.

Both parties note that I have and will continue to offer them the opportunity to record our hearings.  That is different.  Even when they are on video, our hearings are public proceedings.  Recording the arguments creates a record that may be useful to document rulings made at the hearing, to seek consistency in this case or, in an appropriate case, to seek review.  This factor has no application to meet and confer discussions among counsel.

For the reasons stated, the request to record meet and confer sessions without mutual consent is **DENIED.**

2.     **PROTECTIVE ORDERS**

Based on its experience, and as a courtesy, the Northern District makes model discovery orders available to counsel to consider while negotiating a stipulation.  Here, both parties have submitted differing orders purporting to be variations of Model Orders.  To be clear, neither party has submitted a stipulated order.  Nor has any party taken the time to point out to me how its order differs from that submitted by the other.  In large part, this is because the parties have sent their proposals to each other, but have not discussed them face to face as I require.  Moreover, I have these orders in a vacuum.  I have no idea how either party stores its data or prefers to produce it.  I am not going to close my eyes and pick an order.  The request to enter Protective Orders at this time is **DENIED WITHOUT PREJUDICE.**

To be clear, I am not extending the time to respond to pending discovery. Nor do I intend to grand motions to extend based solely on the inability of the parties to agree on orders.

The parties have three options: 1) they can proceed without any protective orders, relying on the Federal Rules alone; 2) they can do what every other party in Northern District litigation does and submit stipulated orders, or; 3) after meeting and conferring, they can jointly submit a form of order that clearly sets out which parts of the order are agreed and sets out competing language on the points that are disputed, so that I can resolve the disputes.

Nothing in this order precludes either party from raising issues by Letter Brief that would normally be covered by a protective order.

### 3.   MEET AND CONFER

In my initial communications with the parties, at my request, Mr. Abhyanker and Ms. Giberti identified themselves as the attorneys responsible to meet and confer on behalf of their clients. So far as I can tell, they have never had a person to person conversation, instead delegating the responsibility to others who cannot even agree to talk on the phone. It is hereby **ORDERED**, that until further order, the requirement to meet and confer shall be complied with strictly and that only Mr. Abhyanker and Ms. Giberti shall participate in the conversations.

**IT IS SO ORDERED.**

Dated:  September 25, 2024.

/s/ *Harold J. McElhinny*
HAROLD J. MCELHINNY
SPECIAL MASTER