UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEGALFORCE RAPC WORLDWIDE P.C.,

    Plaintiff,

v.

MH SUB I, LLC,

    Defendant.

No. C 24-00669 WHA

**ORDER DENYING RELIEF FROM ORDER OF SPECIAL MASTER MCELHINNY**

    In this trademark action, defendant asks the district judge to grant relief from the special master's order. No. Our case history and the federal rules show this request must be denied.

    Before our initial case management conference, parties announced their anticipated motions (Dkt. No. 34 at 8). Already, plaintiff reported it was expecting to seek "attorney fees" (*ibid.*). And, defendant reported it was considering moving to declare plaintiff a "vexatious litigant":

> Defendant anticipates discovery disputes. On no fewer than a dozen occasions, Plaintiff's counsel has already threatened motions to compel. Plaintiff has disclosed only one witness it purports will testify as to all elements of its claims, operations of its business, costs, revenues, damages, registrations, intellectual property, client base, marketplace confusion, etc. However, Plaintiff, to date, has failed and refused to provide deposition dates for the lone witness (who happens to be Plaintiff's CEO Raj Abhyanker).

(*Ibid.*).  Then, the night before the initial case management conference, plaintiff's counsel filed a twelve-page motion with 335 pages of exhibits.  And, the day of the conference, defense counsel failed to appear.  Each breached a duty (*see* Dkt. Nos. 40–41.).

Fifty years of trial experience informed what the district judge decided next:

> The Court concludes this case merits referral under Rule 53 to a special master for discovery purposes. . . .  If neither side objects — by means further below — then the Court will proceed with this appointment:
>
> 1. The Discovery Master will supervise discovery and resolve all discovery disputes, serving until relieved by the Court;
> . . .
> 7. The Discovery Master's rulings as to privilege will be "appealable" to the district judge pursuant to Rule 53, and as to all other ***discovery issues will be final.***
> . . .
>
> ***Each side shall submit a statement with any objection*** . . . or further request to be heard by AUGUST 29 AT 11:00 A.M.

(Dkt. No. 42 (emphases added)).  Defendant affirmed it did not object (Dkt. No. 51).  Plaintiff the same (Dkt. No. 49).  Plaintiff did state a non-binding preference, however, to proceed with a magistrate to minimize plaintiff's costs while benefiting from the public courts (*id.* at 2).  The Court found "that, although the discovery master w[ould] impose some marginal costs, those costs w[ould] impose discipline on parties throughout the discovery process — and thus likely reduce the total cost and time of discovery while increasing its effectiveness towards reaching a just result" (Dkt. No. 55 (citations omitted)).  The Court also emphasized that the proposed special master was Attorney Harold McElhinny (*ibid.*) — a renowned trial lawyer, recently retired, who agreed to take the assignment as a service to the district court for the low fee of $300 per hour (*see ibid.*; *see also* Dkt. No. 42).  The parties, by consenting to the appointment, stipulated to it.[1]

---

[1] A stipulation is "a voluntary agreement," especially "an agreement relating to a proceeding, made by attorneys representing adverse parties to the proceeding."  *Stipulation*, BLACK'S LAW DICTIONARY (8th ed. 2004).  Another word for a "[v]oluntary agreement to a proposal" is "consent."  *Consent*, OXFORD ENGLISH DICTIONARY (2024).

2

The Court issued the order of appointment at 8:04 p.m. on August 30, 2024 (Dkt. No. 55). The first volleys of discovery motions flew before midnight (Dkt. Nos. 56–57). In the nearly forty days and forty nights since the appointment, parties have produced a workload of near-biblical proportions:

- 23 discovery-related party filings, or three per week;
- eight orders by Special Master McElhinny, or about one per week;
- one order by Judge Sallie Kim;
- untold work by the alternative dispute resolution program; and
- four orders of the Court, or about three per month (as parties redirected all detritus from the other proceedings back at the district judge).

All this for a simple trademark action.

The present dispute concerns the special master's order on one of the night-of-appointment letter briefs. In that order, Special Master McElhinny construed the brief as a motion to compel (Dkt. No. 66 at 2). The special master persuaded the plaintiff to drop over *50* of its subsidiary requests, then heard the *29* that remained (*ibid.*). Relevant here, those included disputes regarding production of:

- documents that would be relevant if defendant's proposed affirmative defenses failed but, said defendant, not otherwise;
- business customers' personally identifiable information; and
- revenues from legal websites and legal books.

(Dkt. No. 97). *As to the first category above*, defendant "simply failed to respond" (*see* Dkt. No. 66 §§ Request Nos. 78, 80). *As to the second category*, parties at the time, unlike "every other party in Northern District litigation does," had failed to meet, confer, and stipulate to protecting whatever they might wish (*cf.* Dkt. No. 74 (separate order of Special Master McElhinny); *see also* Dkt. No. 66 §§ Request Nos. 59–61). *As to the third category*, Special

3

Master McElhinny determined that the scope of *admissible* evidence would ultimately be a question for the district judge at trial, while the proposed scope of *discoverable* evidence was not unreasonable given such possibilities and the absence of a credible burden in complying (*id.* §§ Request Nos. 64, 73, 84). So, on those specific requests, Special Master McElhinny entered orders in favor of plaintiff, then granted defendant three weeks — until *October 4, 2024* — to comply (*id.* at 7). Finally, at 3:55 p.m. on October 3, 2024, counsel for defendant appealed to the district judge seeking the Court's relief "before October 4, 2024," that is, before the party's own deadline that very same midnight (*see* Dkt. No. 97 at 2).

The answer is simple: No. Counsel for parties have shown no self-restraint. They would run roughshod over each other, the district judge, and the public courts if not bridled by the considered decisions of Special Master McElhinny. His procedural choices are beyond reproach, and were here. *See* FRCP 53(f)(5). His findings of fact are final, by agreement of the parties. *See supra*; *see also* FRCP 53(f)(3)(B). And, at this early phase in a case such as this, he is not making "legal conclusion[s]" within the meaning of the federal rules that would otherwise require de novo review. *Cf. id.* at 53(f)(4). He is performing the far prior step of "*exercis[ing] the appointing court's power to compel*, take, and record evidence." *See id.* at (c)(1)(C); *cf. id.* at (a)(1)(C). Were every such decision reviewable de novo, it would duplicate the work, not save work. The exception would eviscerate the rule. The whole purpose of this appointment is to solve a problem: "[T]o address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate . . . ." *Id.* at (a)(1)(C). It can't be right that the district judge appoints a special master to "timely address[]" discovery matters, then remains at the beck-and-call of parties to review the special master's motions to compel on a same-day by-midnight basis in a simple trademark case. The motion for relief (Dkt. No. 97) is **DENIED.**

**IT IS SO ORDERED.**

Dated: October 10, 2024.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4