**LEGALFORCE RAPC WORLDWIDE, P.C.**
1580 W. El Camino Real, Suite 10
Mountain View, CA 94040
Telephone: (650) 965-8731
Facsimile: (650) 989-2131

Attorneys for Plaintiff,
LegalForce RAPC Worldwide P.C.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE, P.C.<br><br>Plaintiff,<br><br>v.<br><br>MH SUB I, LLC., a Delaware corporation,<br><br>Defendant. | Case No. : 3:24-cv-00669-WHA<br><br>**LETTER BRIEF REGARDING ORDER TO SHOW CAUSE**<br><br>Special Master: Harold McElhinny |

Dear Special Master Harold McElhinny,

On January 22, 2025, you issued an order to show cause asking for two things **(1)** the basis of my response to your email of Tuesday January 21, 2025 and **(2)** the reason for the length of my Letter Brief.

**(1) <u>Basis for my response.</u>**

Mr. McElhinny, you had sent me two emails "***Counsel: In my last order I asked that today I receive 1) confirmation that you have agreed on a deposition date or 2) date options for me to choose. I have received neither***" on January 21, 2025 at 7:55PM, and an earlier email sent to me on Friday, January 17, 2025 at 5:36PM which read "***Counsel: With respect, you seem to be missing my point. You have provided no evidence whatsoever that Mr. Brisco has anything relevant to say about this dispute. The fact that you have already deposed Mr. Stack and still lack any testimony or any document to support your request hurts your position, it doesn't help it. As I am sure you noted, I have left the door open for you to make an evidence-based showing of your need for Mr. Brisco's deposition. If by "reconsider" my decision, you mean relieve you of the burden of making that showing, I'm not inclined to do so. Harold J McElhinny***."

I interpreted your email to request clarification on the relevance of deposing Mr. Brisco as I had already by then noted that Mr. Stack's earlier deposition had not provided supporting evidence. You also seemed to indicate that further justification would be needed to reconsider his decision on Mr. Brisco. My response sent to you on Tue, Jan 21, 7:55 PM responded to both emails as follows: ***"Mr. McElhinny, The defendant did not give us a name of a different***

***witness on corporate 30b6 witness as Mr. Stack was illl prepared, we will write a letter on that as we met and conferred with no resolution. The defendant has given us a date of February 7, for a marketing 30b6 witness. Attached is that notice."***

My response was responsive to both emails because I thought I was simply stating that I will follow up with written correspondence to resolve both issues, demonstrating that I am trying to build the evidentiary foundation you referenced in your first email without adding more facts. I sent nothing else. It was not intended to be argumentative, it was intended to be informative. I did not intend to introduce new issues, or create any controversy. I was trying to respond to your two outstanding emails. I apologize for any misunderstanding or any lack of clarity regarding these matters. I want to ensure that I am fully responsive to your emails and provide what you requested.

**(2) <u>Length of my letter brief.</u>**

I endeavored to make my letter brief be three pages. The letter brief that I filed (ECF 129, errata 130) is three pages in length, if you do not count the cover page or Appendix A. I did not think that Appendix A would count toward the page length, as it simply provides an excerpt of the items in the deposition notice and letters in Exhibits A-B at issue in this dispute. As you have stated in your Order ECF 132, the information in Appendix A is "not argumentative documents, they are the documents I need to review to consider the motion." Therefore, I did not interpret Appendix A to count toward the page length.

Moreover, there is an objection as to why the letter brief is single-spaced, albeit three pages long. I did not interpret that the Letter Brief cannot be single spaced. In fact, Paragraph

35 of This Court's Supplemental Order to Order Setting Initial Case Management Conference, does not state that Letter Briefs must be double spaced. It states the following:

> "All other requests for discovery relief must first be summarized in a letter no longer than three pages from the party seeking relief after having met and conferred. Up to twelve pages of attachments may be added. In the letter, counsel should identify themselves in the signature block as 'counsel for .' In addition, counsel must state whether the parties have met and conferred either in person or by telephone over all the issues in the letter. The letter should be electronically-filed in the official file along with the discovery-dispute requests and responses, as well as any timely letter cancelling the hearing if settlement is reached. (Please note that with all communications with the Court by e-filing, a hard copy must be lodged in the Court's mail box in the Clerk's Office on the sixteenth floor in the time frame requested by local rule.) The other side may submit a letter response before the court hearing, which the Court will set promptly. This paragraph applies only to cases wherein United States District Court Northern District of California discovery is being supervised by the district judge rather than by a magistrate judge or special master."

Nowhere in this section does it say that Letter Briefs must be single spaced. Moreover, nowhere in Judge Alsup's order appointing a Discovery Master of August 15, 2024 does it state that Letter Briefs must be single spaced. (ECF 42). In fact, Judge Alsup has accepted previously filed letter briefs which are single spaced in this case, see ECF 46.

In addition, in ECF 55, Judge Alsup wrote that "[a] prior case exemplifying this process is *MasterObjects, Inc. v. Amazon.com, Inc.*, No. C 20-08103 WHA, Dkt. Nos. 190, 219, 241, 304, 323, 334, 340 (N.D. Cal.)" when referencing examples of how to handle issues before Discovery Master McElhinny. It should be noted that Letter Briefs filed in *MasterObjects* are single spaced, three pages; with no objections. Therefore, Plaintiff does not believe that sanctions would be appropriate, to the extent any sanctions are issued, Plaintiff respectfully requests that they be stayed pending appeal to Judge Alsup if needed.

Respectfully submitted, Jan 22, 2025, /s/ **Raj Abhyanker,** counsel for Plaintiff

**SERVICE LIST**

LegalForce RAPC Worldwide, P.C. vs. MH Sub I, LLC

| | |
|---|---|
| ***Attorney for MH Sub I, LLC*** | Wendy E. Giberti<br>iGeneral Counsel, P.C.<br>9595 Wilshire Boulevard, Suite 900<br>Beverly Hills, CA 90212<br><br>Steven A. Schuman<br>Leonard, Dicker & Schreiber LLP<br>10940 Wilshire Blvd., Ste. 2100<br>Beverly Hills, CA 90024 |