United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEGALFORCE RAPC WORLDWIDE P.C.,

Plaintiff,

v.

MH SUB I, LLC,

Defendant.

No. C 24-00669 WHA

**SANCTIONS ORDER**

**BACKGROUND**

This is a routine trademark infringement action filed in Federal Court because of the nature of the legal issues, not because of the size of the damages sought. To date, no novel legal issue has arisen. Unfortunately, the case has required a significant amount of judicial oversight because of the toxic relationship among counsel, a repeated lack of professionalism and courtesy on the part of both parties, and a repeated failure to understand or to follow the local rules that apply to the case. Relying on his many years of experience, the District Judge foresaw from the earliest filings the problems that were likely to arise. Recognizing that it would be unfair to saddle a busy District or Magistrate Judge with the effort of overseeing these dystopian personality issues, the Judge directed the parties to the undersigned.

Despite my best efforts and constant encouragement, the case has unfolded as the Judge foresaw. Getting the parties to meet and confer has been a monumental task. Over a quarter of my decisions have had to resolve complaints that one party or the other has failed to meet and confer. Counsel repeatedly accuse each other of lying. Counsel hang up on each other in the middle of calls. Counsel repeatedly copy me on performative emails, despite my repeated assurances that doing so cannot influence the outcome of my decisions. On several occasions, I have warned counsel that they are making it clear that a sanctions award is the only way to assure compliance with our local rules and guarantee a fair procedure by which to resolve real disputes. I have now concluded that we have reached that point. On January 22, 2025, I issued an Order to Show Cause as to why Plaintiff's counsel, Raj Abhyanker, should not be sanctioned for two intentional violations of our Local Rules (Dkt. No 133). On January 22, 2025, Mr. Abhyanker filed his written response to the Notice (Dkt. No. 134).

**VIOLATIONS AT ISSUE**

**1.** On January 17, 2025, I issued an Order addressing two disputes. Applying the apex doctrine, I granted a Protective Order quashing the Notice of Deposition addressed to Robert Brisco, the CEO of Internet Brands, the parent of the Defendant, MH Sub I. I granted the order without prejudice, informing the Plaintiff that if it could demonstrate the need, I would permit the deposition to proceed. I instructed the Plaintiff not to subpoena Mr. Brisco again without seeking leave of court. In the second dispute, I addressed the failure of the defendant to identify a 30(b)(6) witness and to agree on a date for the deposition. I ordered the Defendant to designate the witness. I ordered both parties to meet and confer to agree on a deposition date. I told them to notify me if agreement was reached. In the alternative, each party was to submit a proposed date to me and I would choose one. I expressly ordered the parties to "provide deposition dates . . . without further explanation or argument."

I immediately received an email from Mr. Abhyanker asking if I would be willing to reconsider my ruling about Mr. Brisco, arguing that it was Defendant's failure to provide a knowledgeable witness that had prevented him from carrying his apex burden. I responded

that I was not willing to reconsider my ruling that he was required to make an evidence based showing in order to meet the test.

On January 21,2025, the deadline I set had passed, but neither party had complied with my Order, so I sent them a reminder. Mr. Abhyanker replied that the parties had agreed to a deposition date. However, in direct violation of my Order, he then proceeded to argue that "The defendant did not give us a name of a different corporate witness as Mr. Stack was ill prepared, we will write a letter on that as we met and conferred with no resolution."[1]

Given the history of this case, Mr. Abhyanker's email immediately set off a predictable exchange of multiple emails concerning the Stack deposition, timing of the deposition, whether or not counsel were lying and whether or not the parties had met and conferred in good faith.

In his Response to The Order to Show Cause, Mr. Abhyanker claims that when, on January 17, I had told him that I would consider a renewed evidence based motion to depose Mr. Brisco, Mr. Abyanker concluded that I had given him permission to continue to accuse Defendant of mishandling the Stack deposition. On its face, of course, this explanation makes no sense. The Stack deposition had not yet been raised before me, and Mr. Abyhanker's email argument does not address the Brisco deposition.

What is clear, at least to me, is that Mr. Abhyanker lacks impulse control. He thinks of an argument or a personal attack and he simply launches it. Express orders, local rules, rules of civility or even common courtesy get no consideration. My order could not have been clearer — without further explanation or argument. In choosing to file his email, Mr. Abhyanker intentionally violated that order because he thought at the time, for whatever reason, that making his point, whatever that may have been, was more important than compliance. None of my prior coaching, suggestions or warnings were able to mediate his behavior. His conduct merits sanctions.[2]

---

[1] Plaintiff has since filed a Letter Brief concerning the adequacy of the Stack Deposition (Dkt. No. 129), but that issue was not before me prior to that time.

[2] On January 22, 2025, Defendant's counsel, Steven Schuman sent me an email complaining that Mr. Abhyanker is not copying him on correspondence. The email was not a Letter Brief, was not a motion, and did not ask me to take any action. I assume that Mr. Schuman just wanted me to know what a bad guy Mr. Abhyanker is. This email also violates several of the Local Rules



United States District Court
Northern District of California

**2.** On January 21, 2025, Mr. Abhyanker filed a Letter Brief (Dkt. No 129). In violation of Paragraph 35 of this Court's Supplemental Oder to Order Setting Initial Case Management Conference, his brief was six single-spaced pages long. This was not the first time that Mr. Abhyanker has violated this rule that limits filings to four double-spaced pages. Defendant has previously objected, but I have not previously enforced the rule.

In his written opposition, Mr. Abhyanker points out that Paragraph 35 does not expressly limit Letter Briefs to double spacing. He also points out that The Order Appointing Special Master does not say anything about spacing of filings. He is correct about both points. But Mr. Abhyanker fails to cite Local Rule 3-4(c)(2), which requires that all court filings be double spaced. Perhaps he is unaware of the Rule.

Again, it is clear that Mr. Abhyanker has violated a local rule and that he has chosen to ignore Defendant's legitimate objections. Nevertheless, I am not going to find him culpable of this violation. I have not previously enforced the rule. The "violations" have not been particularly egregious. I doubt there will be further violations.

Item 2 of the Notice to Show Cause is **DISCHARGED.**

**SANCTIONS**

The rules governing pre-trial disputes are not trivial. Judge Alsup has, over the years, refined a series of rules that allow him to manage his cases closely, nip disputes in the bud and lower the cost of litigation while policing discovery abuse. I have adopted those rules to govern this case. They are particularly important in an environment where, left to their own devices, counsel would multiply disputes, lose focus and explode the time and cost involved in deciding a relatively simple case. Here, Mr. Abhyanker's violation imposed foreseeable costs. It imposed costs that the Order was adopted to avoid: Defendant was forced to respond, emails and exhibits were exchanged that I was required to read, the overall case expenses increased, and the relationship among counsel deteriorated further. Time was wasted. It is fair to require Mr. Abhyanker to remediate the costs he imposed. Mr. Abhyanker is therefore **ORDERED** to

---

governing this case. I responded with a strong warning. I have not issued a Notice To Show Cause because this was Mr. Shuman's first offense.

pay monetary sanctions in the amount of $350 to the Clerk of the Court no later than **February 7, 2025** for deposit into the District Court's Non-Appropriated Fund.

**IT IS SO ORDERED.**

Dated: January 24, 2025.

*/s/ Harold J. McElhinny*
HAROLD J. McELHINNY
SPECIAL MASTER

United States District Court
Northern District of California